**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No.  3:14cr148 |
| v. | : | (Judge Munley) |
| RAFAEL SANCHEZ *a/k/a* "EL DON," Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

In the instant criminal matter, the United States of America charges Defendant Rafael Sanchez (hereinafter "defendant") with forty-two (42) counts regarding the filing of 126 fraudulent tax returns and one (1) count pertaining to the straw purchase of a firearm.  Before the court for disposition is defendant's motion to dismiss the straw purchase of a firearm charge.  (Doc. 103).  The motion is fully briefed and ripe for disposition.

**Background**

A Grand Jury in the Middle District of Pennsylvania indicted defendant on June 17, 2014.  (Doc. 34).  The indictment charges the defendant with: Count 1–conspiracy to defraud the government, 18 U.S.C. § 286; Counts 2 through 11–false, fictitious or fraudulent claims, 18 U.S.C. § 287; Counts 12 through 31–theft of public money, 18 U.S.C. § 641; Counts 32 through 41–aggravated identity theft, 18 U.S.C. § 1028A(a)(1), (c)(1); Count 42–conspiracy to commit wire fraud, 18 U.S.C. § 1349; and Count 43–conspiracy to commit an offense or to defraud the United States,

18 U.S.C. § 371.  (Doc. 34).

On September 23, 2014, the United States filed a superseding indictment adding Defendant Wanda Davila-DeJesus to Counts 1 through 42.[1]  (Doc. 46).  The superseding indictment also amended the conspiracy's start date contained in Counts 1 and 42 from "January 1, 2011" to "January 1, 2009."[2]  (Id.)

In preparation for trial, defendant filed a motion to dismiss Count 43 of the superseding indictment under Federal Rule of Criminal Procedure 8(a), asserting that the crime charged in Count 43, the alleged firearm purchase, does not relate to, and is not the same as, the fraudulent tax return crimes charged in Counts 1 through 42.  (Doc. 103).  The parties then briefed the issues, bringing the case to its present posture.

**Legal Standard**

Federal Rule of Criminal Procedure 8(a) permits joinder of offenses

---

[1] The superseding indictment charges the defendant along with his wife, Wanda Davila-DeJesus, with offenses related to their involvement in a stolen identity and tax refund fraud scheme.  On March 11, 2015, Davila-DeJesus pled guilty (Doc. 114) and will be sentenced on June 25, 2015 (Doc. 121).  As such, she is not a part of these proceedings.

[2] The court notes both the original and superseding indictments fail to charge the defendants with a specific crime in Count 10.  (Doc. 34 at 14; Doc. 46 at 14).

charged against a single defendant stating:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. P. 8(a).[3]

**Discussion**

Defendant seeks dismissal of Count 43 of the superseding indictment, the straw purchase of a firearm, contending the government cannot establish Count 43 is connected with the scheme or plan alleged in Counts 1 through 42, the tax and identify theft counts. The government asserts evidence at trial will establish the defendant's straw purchase of the firearm, forming the basis of Count 43, was made for the defendant to

---

[3] The superseding indictment charges two defendants: Rafael Sanchez and Wanda Davila-DeJesus. Generally, the court analyzes misjoinder of offenses in an indictment with multiple defendants under Federal Rule of Criminal Procedure 8(b). The Third Circuit Court of Appeals, however, has stated that when a co-defendant pleads guilty, leaving only one defendant remaining in the case, misjoinder is addressed pursuant to Federal Rule of Criminal Procedure 8(a). United States v. Burton, 404 F. App'x 617, 622 (3d Cir. 2010); United States v. Hudgins, 338 F. App'x 150, 152 (3d Cir. 2009). In the instant case, Wanda Davila-DeJesus, the sole co-defendant, pled guilty on March 11, 2015. Accordingly, the court will address Defendant Sanchez's misjoinder contentions pursuant to Federal Rule of Criminal Procedure 8(a).

protect his business–an illegal tax refund business generating thousands of dollars in cash. After careful review, the court agrees with the government.

Federal law provides that multiple offenses may be joined when they are: (1) based on the same transaction; (2) connected with or constitute parts of a common scheme or plan; or (3) of the same or similar character. FED. R. CRIM. P. 8(a); see also United States v. Eufrasio, 935 F.2d 553, 570 n.20 (3d Cir. 1991) (noting that the Government may properly join multiple offenses in a single indictment if they "arise out of a common series of acts or transactions"). Stated differently, Rule 8(a) requires a "transactional nexus" between the offenses to be joined. Eufrasio, 935 F.2d at 570 n.20. The movant carries the burden of establishing improper joinder of offenses. United States v. Avila, 610 F. Supp. 2d 391, 394 (M.D. Pa. 2009).

To assess misjoinder, the Third Circuit Court of Appeals instructs district courts to focus on the indictment, but the courts "may look beyond the face of the indictment in limited circumstances." United States v. McGill, 964 F.2d 222, 242 (3d Cir. 1992). Specifically, "[w]here representations made in pretrial documents other than the indictment

4

clarify factual connections between the counts, reference to those documents is permitted." Id.  To this end, the Government submits the following proffer in its brief:

> At trial, the government expects to elicit testimony from an unindicted coconspirator male witness (hereinafter "male witness") who will admit participating with the defendant in a scheme to prepare and file fraudulent federal income tax returns. . . . Records obtained from Sanchez's bank will prove that Sanchez withdrew hundreds of thousands of dollars in cash from the bank and that the cash was the proceeds of the illegal scheme.  Given the large amounts of cash generated by the scheme, testimony and evidence will demonstrate that Sanchez kept weapons at his business for protection and even obtained a permit to carry a firearm . . . .
> 
> Regarding Count 43 of the Indictment which charges Sanchez with conspiracy to make material false statements to a firearms dealer, the government expects the male witness to testify that, during the time the male witness was participating with Rafael Sanchez in the fraudulent scheme charges in Counts 1 though 42 of the indictment, Rafael Sanchez wanted the male witness to obtain a gun for Sanchez's use in connection with Sanchez's illegal business and that Sanchez did not wish to have the gun registered in his name, even though Sanchez already owned other guns.  The government expects the male witness to testify that on April 13, 2012, Sanchez accompanied the male witness to a gun store to purchase a Taurus Model 941, .22 mag caliber pistol.  Testimony will indicate that Sanchez picked out the gun and provided the money for the male witness to make the purchase of the gun.
> 
> The male witness will testify that the male witness lied on form 4473, a form required to be completed in connection with the purchase of a firearm, indicating that the male witness was the actual purchaser of the firearm when, in fact, Sanchez was the actual purchaser. . . .   The [Taurus Model 941, .22 mag

> caliber pistol] was ultimately seized from Sanchez's residence by law enforcement officers during execution of a search warrant.

(Doc. 110, Gov't Br. in Opp'n at 2-5).

In the instant matter, the government's proffer sufficiently alleges the straw purchase of the firearm and the tax and identify theft charges "are connected with or constitute parts of a common scheme or plan" for two reasons.  First, the firearm purchase occurred during the same time period in which the defendant filed 126 fraudulent tax returns.  Because tax refunds are normally deposited within weeks of filing an individual tax return, a jury could reasonably infer the defendant intended to use the firearm to protect hundreds of thousands of dollars of cash flowing to his illegal business.

Second, the firearm, tax and identify theft charges all involve the same individuals.  Specifically, at trial the government will call the proffered "male witness" who will admit participating with the defendant in a scheme to prepare and file fraudulent federal income tax returns.  This same male witness will also testify that, in furtherance of the tax and identity theft scheme, he purchased a firearm with the defendant's money knowing defendant would immediately take possession of the firearm after its

purchase.

Moreover, "[t]he joinder of the defendant's offenses is consistent with the purpose of [Rule 8] to promote economy of judicial and prosecutorial resources." United States v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987) (citation omitted). Accordingly, the government has sufficiently demonstrated that the firearms offense charged in Count 43 is connected with or constitutes part of a common scheme or plan with the offenses charged in Counts 1 through 42.

**Conclusion**

For the above-stated reasons, the court will deny defendant's motion to dismiss Count 43 from the superseding indictment. The government's proffer sufficiently demonstrates that the factual foundation comprising Count 43 is connected with or constitutes part of a common scheme or plan with the offenses charged in Counts 1 through 42. An appropriate order follows.

**Date:   03/24/2015**     s/ James M. Munley
                           **JUDGE JAMES M. MUNLEY**
                           **United States District Court**