IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:14cr148-1 |
| | : | No. 3:17cv2410 |
| v. | : | (Judge Munley) |
| RAFAEL SANCHEZ, | : | |
| Defendant | : | |

## MEMORANDUM

## INTRODUCTION

Presently before the court is Defendant Rafael Sanchez's motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 199). Based on the following, the defendant's motion shall be denied.

## BACKGROUND

On March 24, 2015, a grand jury in the United States District Court for the Middle District of Pennsylvania returned a forty-three count, second, superseding indictment against the defendant in the instant matter. (Doc. 126). The defendant was named in count 1, conspiracy to defraud the government with respect to claims, counts 2 through 11, false, fictitious and fraudulent claims, counts 12 through 31, theft of public money, counts 32 through 41, aggravated identity theft, count 42, conspiracy to commit wire fraud, and count 43, conspiracy to commit an offense against the United States. (Doc. 126). The charges involved a stolen-identity, tax-fraud scheme.

On March 30, 2015, the defendant pled not guilty to the second superseding indictment. (Doc. 133). Then, on May 5, 2015, the defendant changed his plea to guilty. (Doc. 156). Accordingly, on September 8, 2015, the court sentenced the defendant to a term of ninety-four months in prison, three years of supervised release, and payment of $694,237.09 in restitution. (Doc. 173).

On December 26, 2017, the defendant filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 199). In his motion, the defendant raises six grounds of ineffectiveness of counsel. The defendant argues his counsel was ineffective by: (1) failing to advise the defendant that mandatory deportation would accompany his guilty plea; (2) failing to object to the denial of a two-point offense level reduction for acceptance of responsibility; (3) misleading the defendant during the signing of his plea agreement; (4) failing to object to the calculation of the final sentencing guidelines; (5) failing to argue for a downward departure based on immigration status; and (6) failing to investigate the defendant's relevant conduct for the overt acts. (Doc. 199). On May 18, 2018, the government filed its brief in opposition to the defendant's motion. (Doc. 209). Then, on October 12, 2018, the defendant filed a traverse. (Doc. 217). The defendant's motion is ripe for the court's disposition.

2

**LEGAL STANDARD**

Under 28 U.S.C. § 2255(a), a federal prisoner "may move the court which imposed [their] sentence to vacate, set aside or correct the sentence." The purpose of this statute is to allow "a prisoner in custody under sentence of a federal court to move that court to correct an erroneous sentence." United States v. Biberfeld, 957 F.3d 98, 102 (3d Cir. 1992). In order to obtain § 2255 relief, the United States Supreme Court has concluded that a plaintiff must demonstrate one of four grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose the sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' or (4) that the sentence 'is otherwise subject to collateral attack.'" Hill v. United States, 368 U.S. 424, 427 (1962) (quoting 28 U.S.C. § 2255).

Where a defendant has pled guilty, the potential claims that he may raise on the basis that his "sentence was imposed in violation of the Constitution" are limited. 28 U.S.C. § 2255. "By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers." Florida v. Nixon, 543 U.S. 175, 187 (2004) (citing Boykin v. Alabama, 395 U.S. 238, 243 (1969)).

Here defendant asserts ineffectiveness of counsel for failure to raise certain issues, which is potentially a violation of the Constitution's Sixth Amendment right to counsel. A claim of ineffective assistance of counsel based on a guilty plea is analyzed under the two-part test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Hill v. Lockhart, 474 U.S. 52, 58 (1985). The defendant must show that counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687. In the context of a guilty plea, a defendant may only claim that counsel was ineffective if it rendered the plea involuntary or unintelligent. Hill, 474 U.S. at 56.

**DISCUSSION**

As noted, defendant's motion raises six issues. We will address the issues in turn.

I. **Mandatory Deportation**

The first ground raised by the defendant in his § 2255 motion is that his counsel was ineffective for failing to advise him that his guilty plea would result in mandatory deportation. (Doc. 199 at 4).

Paragraph thirty-one of the plea agreement signed by the defendant provides that:

> [t]he defendant understands that, since the defendant is not a United States citizen, deportation/removal from the United States is a possible consequence of this plea. The defendant further agrees that

4

> this matter has been discussed with counsel who has explained the immigration consequences of this plea. Defendant still desires to enter into this plea after having been so advised.

(Doc. 154 at 25). Additionally, during the change of plea hearing, the United States Attorney informed the court that:

> Paragraph 31 is . . . an important provision of the plea agreement. This paragraph of the plea agreement reflects Mr. Sanchez's understanding of the fact that since he is not a United States citizen, deportation or removal from the United States is a possible consequence of his plea.
>
> This paragraph indicates that Mr. Sanchez agrees that this matter has been discussed with his counsel, who has explained to him the immigration consequences of this plea. This paragraph indicates that Mr. Sanchez, nevertheless, still desires to enter his plea after having been so advised.

(Doc. 191 at 28).

When "the deportation consequences of a . . . plea are unclear or uncertain[,] . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." Padilla v. Kentucky, 559 U.S. 356, 369 (2010). Considering the defendant has failed to establish that his removal could have easily been determined as the consequence of his charges, we find that defendant has failed to establish deficient performance on the part of his counsel. Thus, we will deny the defendant's motion as to ground one. See id. ("[W]hen

5

the deportation consequence is truly clear . . . the duty to give correct advice is equally clear.").

## II. Acceptance of Responsibility

The second ground raised by the defendant in his § 2255 motion is that his counsel was ineffective for failing "to object to the denial of [a two-point] reduction [(in the defendant's offense level)] for acceptance of responsibility." (Doc. 199 at 5). This ground is wholly without merit. Not only did the defendant receive a two-point reduction in his offense level for acceptance of responsibility, but his attorney also filed an objection seeking an additional level of reduction. (Doc. 170 at 1). Therefore, the defendant's motion as to ground two is meritless and shall be denied.

## III. Misleading the Defendant

The third ground raised by the defendant in his § 2255 motion is that his counsel was ineffective for misleading the defendant during the signing of his plea agreement. (Doc. 199 at 6). Specifically, the defendant alleges that his counsel advised him that he would receive a sentence of twenty-four months in prison. (Id.) A review of the record reveals that this argument lacks merit.

The plea agreement signed by the defendant indicates,

> [a]t the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in

> the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

(Doc. 154 at 10). At the change of plea hearing, the United States Attorney indicated that the court could impose a sentence up to and including twelve years in prison, among other things. (Doc. 191 at 27). Immediately following the United States Attorney's description of the plea agreement, the court asked the defendant if that was his understanding of the plea agreement, to which he responded, "Yes sir." (Doc. 191 at 28). Additionally, before accepting the defendant's plea, the court ensured that no one promised the defendant what his sentence would be. (Doc. 191 at 29). Moreover, the defendant has failed to aver that he would not have entered into the plea agreement but for his counsel's alleged advice. See Hill, 474 U.S. at 60 (finding it unnecessary to determine whether counsel's advice was ineffective assistance of counsel because the petitioner failed to allege that he would have pled not guilty and went to trial).

In light of the safeguards utilized to ensure the defendant had an accurate understanding of the possible consequences of his plea and the defendant's admission that no one promised him a specific sentence, the court will deny his motion as to ground three.

## IV. Calculation of Sentencing Guidelines

The fourth ground raised by the defendant in his § 2255 motion is that his counsel was ineffective for failing "to object to how the final guidelines were calculated." (Doc. 199 at 8). However, the fourth ground really focuses on the amount of money lost during the commission of the offense and its effect on the defendant's offense level used at sentencing. (Id.)

In the plea agreement, the defendant and the government agreed that "the loss attributable to the defendant for purposes of sentencing was more than $400,000 but less than $1,000,000 . . . ." (Doc. 157 at 9). As a result, the defendant received a fourteen-level increase in his offense level under the 2014 Federal Sentencing Guidelines ("Guidelines"), which were in effect at the time of the defendant's sentencing. U.S. SENTENCING GUIDELINES MANUAL (U.S. SENTENCING COMM'N 2014).

The defendant claims he was unaware that the amount of money lost could have been litigated, and, as such, because the amount of money had such a large impact on the calculation of his offense level that his due process rights were violated. Also, the defendant notes that he would have received a lower increase in offense level under the 2015 Federal Sentencing Guidelines for the same amount of money lost. We are unconvinced.

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. at 687-88. Also, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 692.

Here, the defendant has failed to establish that failure by his counsel to inform him that he could litigate the amount of money lost was unreasonable. Under the Guidelines, the defendant would have to establish that the amount lost was under $400,000 for it to affect his offense level. The defendant has failed to offer any facts lending support to the notion that the amount of money lost was less than $400,000; therefore, even if we assume that his counsel's conduct was unreasonable, the defendant failed to demonstrate any resulting prejudice.

Next, the defendant argues that he would have received a lower increase in his offense level under the 2015 Federal Sentencing Guidelines based on the same amount of money lost. The 2015 Federal Sentencing Guidelines were not in effect until November 1, 2015, after the defendant was sentenced. U.S. SENTENCING GUIDELINES MANUAL (U.S. SENTENCING COMM'N 2015). Under 18 U.S.C. § 3553(a)(4)(A)(ii), "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the kinds of sentence and the sentencing range

9

established for the applicable category of offense committed by the applicable category of defendant as set forth in ***the guidelines*** . . . ***that*** . . . ***are in effect on the date the defendant is sentenced*** . . . ." (emphasis added).

Considering the defendant failed to demonstrate unreasonable action by his counsel that resulted in prejudice to him, and the correct sentencing guidelines were utilized to calculate the defendant's offense level used at his sentencing, we will deny the defendant's motion as to ground four.

### V.  Downward Departure

The fifth ground raised by the defendant in his § 2255 motion is that his counsel was ineffective for failing "to argue for a downward departure or variance based on [the defendant's] immigration status."  (Doc. 199 at 13).  However, at the defendant's sentencing, his counsel did, in fact, ask the court to consider varying below the sentencing guideline range because of the likelihood of the defendant's deportation.  (Doc. 192 at 14).  Therefore, the defendant's motion as to ground five will be denied.

### VI.  Overt Acts

The sixth ground raised by the defendant in his § 2255 motion is that his counsel was ineffective for failing "to investigate [the defendant's] relevant conduct for the overt acts."  (Doc. 199 at 13).  It is difficult to surmise what "overt acts" the defendant is mentioning.  The only conceivable reason that the

defendant would mention "overt acts" sounds in a misunderstanding of the conspiracy charge—to which he pled guilty.

The defendant pled guilty to, among other things, the charge of conspiracy to defraud the government with respect to claims, which is codified at 18 U.S.C. § 286. This type of conspiracy charge does not require the performance of an overt act in furtherance of the conspiracy. See United States v. Lanier, 920 F.2d 887, 892 (11th Cir. 1991) (explaining that a conspiracy claim under 18 U.S.C. § 286 ***does not*** require the government to establish the element of an overt act) (emphasis added). Rather, it is the charge of conspiracy to commit an offense against the United States, codified under 18 U.S.C. § 371 that requires proof of an overt act. Id. (explaining that a conspiracy claim under 18 U.S.C. § 371 ***requires*** the government to establish the element of an overt act) (emphasis added).

Considering the conspiracy charge that the defendant pled guilty to does not require the commission of an overt act in furtherance of the conspiracy, and the defendant has failed to provide any facts or argument furthering his position, the court will deny the defendant's motion as to ground six.

**CONCLUSION**

Based on the preceding, the defendant's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 199) shall be denied. The court declines to issue a certificate of appealability. An appropriate order shall issue.

BY THE COURT:

Date: November 12, 2019

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**